# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA

                      Plaintiff,

-vs-                                                    Case No. 3:11-CR-81
                                                            Judge Thomas M. Rose

MICHAEL FRIFELDT,

                      Defendant.

## ORDER REGARDING COMPETENCY PURSUANT TO 18 U.S.C. §4241

This matter is before the Court to determine the competency of the Defendant to stand trial. On July 5, 2011, Defendant filed a Motion for Evaluation to Determine Competency and Sanity Pursuant to 18 U.S.C. §§4241 and 4242 (doc. 14) which the Court granted and ordered the Defendant to committed to the custody of the Attorney General of the United States for a placement in a suitable facility to undergo a mental health evaluation (doc.15). A report was completed on November 21, 2011, by Ron Nieberding, Ph.D., Licensed Clinical Psychologist, to whom the Defendant was referred for an examination and evaluation pursuant to 18 U.S.C. § 4241. Copies of the report was provided to Counsel. The Court requested Counsel to examine the report carefully and give notification at the Competency Hearing set for December 22. 2011, whether they had any objections to the Court admitting the report in evidence, closing the record without further evidence, and finding on the basis of the report that as the examining mental health professional concluded, Defendant was competent to stand trial.

At the hearing on December 22, 2011, the Defendant requested a second examination and evaluation be completed. Pursuant to 18 U.S.C. §4241 the Court ordered the Defendant be re-evaluated

for competency by Massimo De Marchis, Psy.D, Clinical Psychologist. The second evaluation was completed on February 21, 2012. Copies of the report was provided to Counsel and the Court set the matter for a Competency Hearing on April 13, 2012.

At the Competency Hearing on April 13, 2012, both Counsel for the Defendant and the Government, acknowledged receiving the reports of Dr. Nieberding and Dr. De Marchis and without objections were admitted into the record. After testimony from both doctors concluded, the Court took the matter under advisement.

After considering the opinions of both Dr. Nieberding and Dr. De Marchis, contained in each of their forensic reports, to be filed under seal with this Court, and testimony given at the Competency Hearing, the Court FINDS that although the Defendant does experience symptoms of a mental disease or defect, those factors appear not to render him mentally incompetent to stand trial. Defendant clearly understands his current legal situation and is aware of the parties involved in the process and their responsibilities. He understands his charge, possible sentences, and the nature of the adversarial process. Defendant appears capable of cooperating and interacting with Counsel to assist properly in his defense.

Therefore, the Defendant is FOUND competent to stand trial. The jury trial in this matter is rescheduled to May 7, 2012 @ 9:00 a.m.

**DONE** and **ORDERED** in Dayton, Ohio, this 18th day of April, 2012.

_____
THOMAS M. ROSE, JUDGE
UNITED STATES DISTRICT COURT